IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JONATHON ALAN GUINN                                                                      PLAINTIFF

      v.                         Civil No. 10-5116

SHERIFF TIM HELDER; JAIL
ADMINISTRATOR RANDALL DENZER;
ARAMARK CORRECTIONAL
SERVICES; and SONIA JENNINGS                                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

    Plaintiff, Jonathon Alan Guinn, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.

    Because the complaint mentioned actions taken by various individuals Plaintiff did not name as Defendants, Plaintiff was asked to file an amended complaint listing as Defendants all individuals he maintained violated his federal constitutional rights.  By order entered on November 16, 2010 (Doc. 5), Plaintiff was given until December 8, 2010, to file the amended complaint.

    Plaintiff did not comply with the Court order and on December 13, 2010, a show cause order (Doc. 11) was entered.  Plaintiff was given until December 30, 2010, to show cause why the case should not be dismissed based on his failure to comply with an order of this Court and his failure to prosecute this case.

    On December 28, 2010, mail was returned to the Court as undeliverable marked parole.  However, neither the Court's November 16th order or the December 13th show cause order were returned as undeliverable.

-1-

Plaintiff has not responded to either order. Plaintiff has not requested an extension of time to respond and no other communication has been received from the Plaintiff. When he filed the case, Plaintiff was informed that he had an obligation to keep the Court informed of any changes in his address (Doc. 3).

I therefore recommend that this case be dismissed pursuant to the provisions of Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to obey the orders of the Court and his failure to prosecute.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of January 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)